By the Court.
The record in this case is very imperfect, and that, too, without any visible excuse. From the material on hand, we learn that at or about the time charged in the indictment, Robert C. Lingafelter forged the name of Thomas D. Lloyd to a receipt for two hundred dollars as so much withdrawn from The Homestead Building & Savings Company, in which he held a certificate of paid-up stock in the sum of four hundred dollars. In fact the money had not been withdrawn by Lloyd or anyone for him. The accused Mary J. Lingafelter, mother of Robert, during several years, had done some of the clerical work of the institution, and on her trial for forgery of the above receipt, the evidence tended to prove that some time after the forgery by *527 Robert C. Lingafelter, the son, Mrs. Lingafelter, knowing that he had committed the forgery, made a certain entry or entries on the stub of said certificate for the purpose of covering up evidence of his crime, and to hinder and prevent his detection and punishment. It is not claimed that she was present when the forgery was committed or that she had advised or aided in its commission.
Her acts and conduct in regard to making the entry or entries on the stub, after the forgery by the son, are relied on by the state to hold her conviction, and hence the charge of the trial court, or one similar in essence, became necessary.
It must be remembered that Mrs. Lingafelter was indicted and tried for forging the receipt, but the evidence showed nothing more on her part than above stated. The charge to the jury selects for its warrant Section 6804, Revised Statutes, which is:
“Whoever aids, abets, or procures another to commit any offense, may be prosecuted and punished as if he were the principal offender.” And the charge recites in substance the facts we have stated, and the jury was told, if they so found the facts as to Mrs. Lingafelter, she violated the above section of the statute and such acts would constitute aiding and abetting within the meaning of said section.
If there is one word in the statute cited that warrants the charge of the court, we are unable to find it. We have heretofore understood, that aiding or abetting must either precede or accompany the commission of the offense, and we can *528 not now see how the commission of a crime can be aided and abetted by the act or conduct of another party after the offense has been fully completed.
• However, the trial court so construed the statute that, not only what may be done before the principal offense is committed, but what may be done afterwards by one not the principal offender, is within the definition of the statute. Or, in other words, when the general assembly was declaring the acts of one before the offense which aided and abetted its commission, to be a crime, it intended to include acts done or performed after the principal offense. That is equivalent to saying that “before” may mean “after,” and if that is not precisely correct, it may mean both. To sustain the charge, something besides the statute must be drawn upon, and a portion of the common law of crimes — the law of accessories after the fact — is mixed with the statute and from the curious compound so produced, the conduct of the accused was declared to be in violation of Section 6804, so compounded with the common law.
It often has been decided by this court that we have no common law crimes in Ohio; that the general assembly has taken the responsibility of defining what acts or omissions are crimes and offenses in this state, and of prescribing suitable penalties in case of guilt. This doctrine has been repeatedly announced by this court, and the latest distinct pronouncement on the subject is found in Johnson v. State, 66 Ohio St., 59. There, former decisions are reviewed and commented upon as being in harmony on the proposition that we have no common law crimes in Ohio. Therefore, we have *529 in law no accessories after the fact. Whenever and' wherever the legislature has deemed it necessary to penalize the acts of one which are done or performed after the commission of the principal offense, it has enacted statutes to meet the case, and such acts are made a substantive offense as distinguished from the relation of accessory after the fact as recognized at common law, as in cases for receiving stolen goods and the like.
Further discussion is not necessary on so plain a question. The charge of the trial court was and is erroneous, and therefore the judgment of reversal rendered by the circuit court should be and it is affirmed.

Judgment affirmed.

Shauck, C. J., Price, Crew, Summers, Spear and Davis, JJ., concur.